UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KURT LAPID, an individual,<br><br>                                    Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,<br><br>                                    Defendants. | Case No.:  22-cv-1531-GPC-BLM<br><br>**ORDER AUTHORIZING COUNSEL'S ATTORNEY'S FEES REQUEST**<br><br>[ECF No. 15] |

Before the Court is a motion for authorization of $15,362.56 in attorney's fees pursuant to 42 U.S.C. § 406(b) by Plaintiff's Counsel Martha Yancey.  ECF No. 15. Defendant Kilolo Kijakazi, Acting Commissioner of Social Security ("Defendant"), filed a response declining to take a position on the motion.  ECF No. 17.  Plaintiff Kurt Lapid ("Plaintiff") did not file a pro se response.  The Court finds the matter is appropriate for decision on the papers and hereby VACATES the hearing previously scheduled for January 5, 2024.

For the reasons set forth below, the Court **GRANTS** the motion.

# BACKGROUND

This case began when Plaintiff applied for disability benefits for the second time on January 8, 2020, stating that he was disabled as of July 1, 2018. ECF No. 7-3 at 2-3, 30.[1] The Social Security Administration denied his claim initially and upon reconsideration. ECF No. 7-3 at 30. An Administrative Law Judge ("ALJ") affirmed the denial in October 2020 on the ground that Plaintiff was not disabled, *id.*, but upon appeal, the Appeals Council vacated and remanded to the ALJ. ECF No. 7-3 at 43. On remand, the ALJ again denied his application in June 2022 on a finding that he was not disabled. ECF No. 7-2 at 39, 43. This time, in August 2022, the Appeals Council denied his request for review. ECF No. 7-2 at 2.

On October 5, 2022, Plaintiff signed a contract with Counsel Martha Yancey ("Counsel") to represent him in his appeal in federal court. ECF No. 15-3 at 1-3. In the contract Plaintiff agreed to pay Counsel 25% of all past-due benefits awarded to him and reasonable out-of-pocket expenses. *Id.* at 1. Two days later, Plaintiff, through Counsel, filed a complaint in this Court. ECF No. 1. After Counsel submitted a settlement proposal to Defendant in early January 2023, Plaintiff and Defendant jointly moved to reverse the Agency's denial and remand for reconsideration. ECF No. 9 (motion for voluntary remand); ECF No. 15 at 4, ECF No. 15-5 at 1. The Court granted the motion on January 6, 2023. ECF No. 10. A week later, the Court granted the parties' joint motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA") and awarded Plaintiff $2,600 in attorney's fees. ECF Nos. 11-12.

On November 12, 2023, on remand from this Court, the Social Security Administration reversed its earlier decision and found that Plaintiff was disabled as of July 1, 2018 and therefore eligible for social security disability benefits. ECF No. 15-1 at

---

[1] Page numbers based on CM/ECF pagination.

1. The Agency awarded Plaintiff $90,368 in past-due benefits and $1,577 per month going forward until at least March 2025 when his case will be re-evaluated. *Id.* at 2-3, 5.

On November 27, 2023, Counsel filed the instant motion pursuant to 42 U.S.C. § 406(b) seeking $15,362.56 in attorney's fees. ECF No. 15. Defendant filed a response of non-opposition as "the Commissioner [of the Social Security Administration] has no direct financial stake in the outcome of this motion . . . but 'plays a part in the fee determination resembling that of a trustee for claimants.'" ECF No. 17 at 2 (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002)). Plaintiff did not filed a pro se response and Counsel did not file a reply.

## LEGAL STANDARD

42 U.S.C. § 406(b) permits the Court, upon "entering judgment in favor of [a social security disability] claimant who was represented by an attorney," to "determine and allow as part of its judgment a reasonable fee for such representation" up to "25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." *Crawford v. Astrue*, 586 F.3d 1142, 1147 (9th Cir. 2009) (en banc) (quoting 42 U.S.C. § 406(b)(1)(A)). "Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Gisbrecht*, 535 U.S. at 807. The fee is payable out of the plaintiff's/claimant's past-due benefits, not in addition to them. 42 U.S.C. § 406(b)(1)(A).

An attorney-client fee agreement is the "primary means by which [reasonable] fees are determined" in this context, assuming that there is no evidence of "fraud or overreaching" in the negotiation of the agreement. *Crawford*, 586 F.3d at 1150-51. A court "must respect the 'primacy of lawful attorney-client fee agreements,' 'looking first to the contingent-fee agreement, then testing it for reasonableness[.]'" *Id.* at 1148 (quoting *Gisbrecht*, 535 U.S. at 793, 808)). District courts are generally "deferential to

3

1. the terms of contingency fee contracts in § 406(b) cases, accepting that the de facto
2. hourly rates may exceed those for non contingency-fee arrangements." *Hearn v.*
3. *Barnhart*, 262 F. Supp. 2d 1033, 1037 (N.D. Cal. 2003). Still, courts must review
4. contingency fee "arrangements as an independent check, to assure that they yield
5. reasonable results in particular cases." *Gisbrecht*, 535 U.S. at 807. While there is not a
6. definitive list of factors, courts should consider "the character of the representation and
7. the results the representative achieved." *Id.* at 808. "The court may properly reduce the
8. fee for substandard performance, delay, or benefits that are not in proportion to the time
9. spent on the case." *Crawford*, 586 F.3d at 1151. Additionally, a section 406 fee award
10. must be offset by any award of attorney's fees granted under EAJA as long as the EAJA
11. award is the lesser of the two awards. *Gisbrecht*, 535 U.S. at 796; *see* 28 U.S.C. § 2412
12. (EAJA).

## DISCUSSION

The Court first looks to the contingency fee contract. *Crawford*, 586 F.3d at 1148. Plaintiff and Counsel entered a "Federal Court Fee Contract SSI/Social Security Disability" ("Agreement") under which they agreed that the "attorney shall charge and receive as the fee an amount equal to twenty-five percent (25%) of the past-due benefits that are awarded to [Plaintiff's] family and [Plaintiff] in the event [Plaintiff's] case is won." ECF No. 15-3 at 1. Counsel now seeks an award of $15,362.56 in attorney's fees—17% of Plaintiff's past-due benefits. ECF No. 15 at 1 (motion); *see also* ECF No. 15-1 at 3 ($15,362.56 ÷ $90,368.00 = 17.00%). Counsel submits that she spent 12.3 hours on the case, ECF No. 15-5 at 1, meaning that her request is equal to payment of $1,248.99 per hour. ECF No. 15 at 1, 4 ($15,362.56 ÷ 12.3 = $1,248.99). Counsel argues that this amount is reasonable and comes to a reasonable hourly rate because "Plaintiff's case was not a run-of-the-mill Social Security Disability case. Plaintiff's case was fact-driven and required a concise, persuasive settlement proposal. . . . [Counsel's]

experience enabled her to review the record and efficiently detail significant errors committed by the ALJ [leading to] . . . excellent results[.]" ECF No. 15 at 4.

The Court finds that the Agreement is reasonable. The fee it sets is within the statutory ceiling of 25%, 42 U.S.C. § 406(b)(1)(A), and there is no evidence of "fraud or overreaching" in the negotiation of the Agreement. *See Crawford*, 586 F.3d at 1145-46, 1151. The Agreement clearly states that: (1) Plaintiff agrees to pay Counsel 25% of past-due benefits awarded; (2) this could amount to over $1,000 per hour for Counsel's work; (3) if counsel receives an EAJA award and a percentage of the past-due benefits, Counsel will return the smaller amount; and (4) Plaintiff is not guaranteed to win his case. ECF No. 15-3 at 1-2. And Counsel has asked for less than what the Agreement calls for, requesting 17% of past-due benefits rather than 25%.

Further, the Court finds no reason to reduce the requested fee award. Neither "the character of the representation [nor] the results . . . achieved" warrant a reduction. *Gisbrecht*, 535 U.S. at 808. Within a few months of filing the federal complaint, Counsel submitted a settlement proposal sufficiently convincing to prompt the Commissioner of the Social Security Administration to jointly move to reverse the Agency's decision and remand for reconsideration. ECF No. 9 (joint motion to remand); ECF No. 15 at 4 (instant motion). On remand, the Social Security Administration held that Plaintiff was disabled and granted benefits dating back to December 2018. ECF No. 15-1 at 1. Nothing in the record suggests that Counsel provided substandard legal services; rather it appears that Counsel skillfully and efficiently resolved the case in Plaintiff's favor. Counsel also did not engage in dilatory conduct. She filed the complaint within days of signing the Agreement and secured a remand from this Court less than three months later. ECF No. 15-3 at 3 (Agreement signed on October 5, 2022); ECF No. 1 (complaint filed on October 7, 2022); ECF No. 10 (order granting joint motion to remand on January 6, 2023). Plaintiff received a favorable decision from the Agency just over a year after

retaining Counsel.  ECF No. 15-3 at 3 (Agreement signed on October 5, 2022); ECF No. 15-1 at 1 (Notice of Award dated November 12, 2023).

Finally, the benefits are not out of proportion to the time Counsel spent on the case. *See Crawford*, 586 F.3d at 1151.  As listed in Counsel's billing statement, the number of hours she expended, 12.3, was reasonable.  ECF No. 15-5 at 1.  And although Counsel's effective hourly rate of $1,248.99 for 12.3 hours is somewhat high, ECF No. 15-5 at 1; ECF No. 15 at 1, it is within the range of what other courts in this district have found to be reasonable in social security cases.  *See Crawford*, 586 F.3d at 1145-46, 1153 (approving de facto hourly rates of $519, $875, and $902 in 2009); *Reddick v. Berryhill*, No. 16-cv-29, 2019 WL 2330895, at *2 (S.D. Cal. May 30, 2019) (approving an effective hourly rate of $1,990.74); *Satariano v. Saul*, No. 21-cv-548, 2023 WL 7390841, at *2-3 (S.D. Cal. Nov. 7, 2023) (approving an effective hourly rate of $1401.87).[2]  It is justifiable that de facto hourly rates in contingency fee cases exceed those in non-contingency fee cases because by taking a case on contingency, counsel "assum[es] the risk of receiving nothing for his time and effort[.]"  *Hearn*, 262 F. Supp. 2d at 1037.

Thus, none of the factors outlined in *Gisbrecht* support reducing the fee award and the Court concludes that Counsel's request does not constitute an unfair "windfall."  *See Gisbrecht*, 535 U.S. at 808.  Accordingly, considering the quality of Counsel's representation, the results achieved, and the importance of encouraging attorneys to accept social security cases on a contingency basis, the Court concludes that the fees requested pursuant to section 406(b) are reasonable.

---

[2] *See also Roland S. v. Kijakazi*, No. 20-cv-1068, 2023 WL 6966153, at *3 (S.D. Cal. Oct. 20, 2023) (approving an effective hourly rate of $1,438.35); *Desiree D. v. Saul*, No. 19-cv-01522, 2021 WL 1564331, at *3 (S.D. Cal. Apr. 20, 2021) (approving an effective hourly rate of $1,494.34); *Marshall v. Saul*, No. 16-cv-00666, 2020 WL 2849484, at *3 (S.D. Cal. June 2, 2020) (approving an effective hourly rate of $1,526.75); *Martinez v. Saul*, No. 15-cv-1994, 2019 WL 3322481, at *2 (S.D. Cal. July 24, 2019) (approving an effective hourly rate of $1,488.83).

As Counsel concedes and as described in the Agreement, ECF No. 15-3 at 2 (Agreement); ECF No. 15 at 5 (instant motion), the $2,600 already awarded as attorney's fees under the EAJA shall be refunded to Plaintiff.  *Gisbrecht*, 535 U.S. at 796; ECF No. 12 at 1 (order granting EAJA attorney's fees).

## CONCLUSION

The Court therefore **GRANTS** Counsel's motion for authorization of attorney's fees under 42 U.S.C § 406(b).  The Court authorizes that $15,362.56 be paid to Counsel out of Plaintiff's past-due benefits in accordance with Social Security Administration policy.  Counsel shall refund Plaintiff $2,600, the amount of attorney's fees already paid to Counsel pursuant to the EAJA.

**IT IS SO ORDERED.**

Dated:  January 2, 2024

Hon. Gonzalo P. Curiel
United States District Judge